DEOMA FIELDS, Respondent, v. J. D. SEVIER, Appellant.

Kansas City Court of Appeals, December 7, 1914.

1. **NEGLIGENCE: Damage: Careless Driving of Automobile: Evidence: Jury Question.** In a suit against an automobile driver for negligently driving his machine almost upon and within a few feet of plaintiff's buggy without slackening speed and without giving warning of his approach, whereby plaintiff's team became frightened and threw plaintiff out and injured her, *held* that the evidence made out a case for the jury.

2. **PLEADING: Specific Act of Negligence.** The negligence charged was not limited to the failure to warn but included the general act of driving suddenly upon and so near to the horses as to frighten them, and with reference to this, the negligence was general rather than specific. So that whatever defendant failed to do in driving so close to the buggy, which "a very careful person, exercising the highest degree of care, would do under like or similar circumstances" would constitute negligence under the Motor Vehicle Statute, and be admissible under the petition. Therefore, a failure of defendant to watch and to stop under certain circumstances would be acts of negligence provable under the allegation of the petition.

3. ———: ———: ———: **Instructions.** But in telling the jury under what circumstances a failure to stop will constitute negligence, the instruction dealing with that feature must do so correctly. And where plaintiff claims the approach was too near and sudden and done without warning, and defendant's claim is that he approached slowly and gave warning, and upon the buggy turning to one side thereby indicating that he could pass, he went forward without stopping until the buggy went into the ditch, and that he did not stop sooner because he saw no manifestations of fright on the part of the horses, it was error to instruct the jury, without qualification, that if defendant failed to stop his automobile soon enough to prevent frightening the horses, plaintiff could recover. Such instruction left defendant's testimony out of view.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb*, Judge.

REVERSED AND REMANDED.

*E. F. Nelson* and *John W. Bingham* for appellant.

*John W. Clapp* and *J. W. Wattenbarger* for respondent.

TRIMBLE, J.—Respondent and her sixteen-year-old son were riding south along a country highway. They were in a topless buggy to which was hitched a team of horses driven by the boy. Appellant approached from behind in an automobile. The team became frightened, plunged forward and then swerved to the right, causing the buggy to topple into the ditch throwing the occupants out of the vehicle, after which the team ran away.

Respondent thereupon brought this suit to recover $500 damages for personal injuries alleged to have been received as a result of the above occurrence. Her petition alleges that although defendant's view along the road was unobstructed so that he could and did see her going in the same direction the automobile was going, yet appellant carelessly, recklessly, negligently, and without regard for the safety of plaintiff and her son, and with full knowledge of their perilous situation, drove said automobile almost upon and within a few feet of said buggy without slackening speed, and without giving warning or notice of his approach, thereby frightening the team and causing plaintiff to be thrown out and injured.

The jury returned a verdict for respondent and appellant brings the case here.

Respondent's testimony tended to prove that she was sitting on the east side of the buggy with her body fronting south but with her face turned to her son who was sitting on her right and driving; that one of the horses suddenly took fright and plunged forward and she looked back to see what was the cause, and, for the first time, became aware of the approach of the automobile which was coming directly

behind her and not out to one side of the road; that the automobile approached within twenty-five or thirty feet of the buggy and then the freightened team jumped or swerved into the ditch throwing her and her son out, after which the team ran away. The evidence offered in her behalf tends to show that no warning was given of the approach of the car.

Appellant testified that when he was at least 100 feet behind the buggy he gave one "honk" of his horn, whereupon the boy in the buggy looked back and turned his team out to the right thereby indicating to him that he could pass; that he noticed no fright on the part of the horses, and for that reason went on until his automobile was sixty or seventy feet behind the buggy when said vehicle, having been driven by the boy too near the edge of the ditch, fell into it and threw the occupants out. He admitted that there was nothing in the road to obstruct his view of the buggy for a quarter of mile before he got to them; that he never slackened the speed of his automobile on account of any danger to the occupants of the buggy and didn't think of that, as he didn't see anything to indicate danger.

The foregoing statement of the respective contentions of the parties discloses that if respondent's claim as to what took place be true, then appellant did not exercise the care that the law required of him and, in that event, he is liable for whatever damage that his negligence caused. The jury were the judges of the truth of the respective claims, and when the issues have been properly submitted, the finding of the jury must be respected. Appellant is in error in thinking that a demurrer to the evidence should have been sustained.

Complaint is made of several of respondent's instructions on the ground that the petition alleged a specific act of negligence but that the instructions, especially number 1, allowed a recovery upon a find-

ing of general negligence; also that the said instructions were based upon or included issues not raised in the petition. We do not think the instructions are open to the last-named objection. Instruction number 1 merely told the jury that if they believed the defendant carelessly and negligently drove his car upon or so near the buggy as to frighten the team and thereby injure plaintiff, then they should find a verdict in her favor. Then followed the other instructions telling the jury what would constitute negligence in so doing. A study of the petition will disclose that the defendant was charged with negligently driving his automobile upon and so near to the buggy as to frighten the team and that he did so without notice or warning. The negligence charged was not limited solely and specifically to the failure to warn but included the act of driving suddenly upon and so near the horses as to frighten them, and, with reference to this, the negligence charged was general rather than specific. So that whatever the defendant failed to do, in driving so close to the buggy, whereby he failed to exercise "the highest degree of care that a very careful person would use under like or similar circumstances" would constitute negligence under our Motor Vehicle Statute. [Sec. 9, Laws 1911, p. 330.] Among the precautions, which a very careful person exercising the highest degree of care would use, would be that of watching to see whether the plaintiff's team was becoming badly frightened. If so, then it would be defendant's duty to stop. [Laws 1911, p. 326, sec. 2.] Now the elements of negligence in plaintiff's other instructions, which defendant says were not covered by the petition, related to defendant's duty to keep a lookout for plaintiff and to stop when necessary to prevent injury. These could reasonably be included in the charge that he negligently drove his car almost upon plaintiff and frightened her team. So that we do not think plaintiff's instruc-

tions went outside of and beyond the issues raised by the petition merely because they referred to defendant's duty to keep a vigilant watch and to stop if it became necessary.

But, in telling the jury under what circumstances a failure to stop will constitute negligence, the instruction dealing with that feature must do so correctly and properly. This we do not think the plaintiff's instructions did. For example, plaintiff's instruction number 2 told the jury without qualification that if defendant approached the buggy and failed to stop his automobile soon enough to prevent frightening the horses and thereby caused the runaway, then plaintiff could recover. Nothing was therein said about the approach being sudden or unknown to plaintiff, whereby the horses took fright at the car's sudden appearance and before the occupants of the buggy could take any precautions for their safety or give defendant the statutory signal to stop by the raising of the hand, nor (in case the approach was not sudden and without warning) was anything in said instruction requiring the jury to find that the horses' fright was observable to or could have been seen by defendant before he was required to stop. The defendant testified that his approach was not sudden nor without warning, but that he approached, going about seven or eight miles per hour, and when about 100 feet of the buggy he sounded a note of warning on his horn and that then the driver of the buggy looked back and turned his horses to the right, thereby signifying to the defendant that he should come on; that thereupon defendant did not stop but came on seeing no manifestations of fright on the part of the horses and, therefore, did not stop until the buggy suddenly went into the ditch. Now, the jury could have found the facts to be exactly as appellant says they were, and yet, under plaintiff's instruction number 2, the

184 Mo. App.—44

jury could find for plaintiff merely because defendant "failed to stop the automobile soon enough to prevent frightening the horses." The 'automobile' certainly did not stop until the accident occurred. But, if timely warning was given, then defendant's failure to stop did not constitute negligence unless he saw, or should have seen, that the horses were frightened. And an instruction telling the jury that a failure to stop constituted negligence should not omit to state the circumstances under which such failure would constitute negligence. Of course, if it was the automobile's sudden and close approach without warning that caused the fright of the team, then defendant could not escape liability because the team did not manifest fright sooner. But in such case it would be the close approach suddenly and without warning that would constitute the negligence and not the failure to stop. As worded, instruction number 2 amounted practically to a peremptory instruction to find for plaintiff, when we consider its application to the testimony in the case. All the testimony showed that the automobile did not stop until the buggy went into the ditch. But one side claimed that the approach was too close and also sudden and without warning; the other that it was not sudden and that warning was given. If the approach was made slowly and after warning was given as defendant says it was, then his failure thereafter to stop would not be negligent unless he saw, or should have seen, that the horses were frightened. Consequently it was erroneous to give an instruction telling the jury, without qualification, that if the automobile failed to stop soon enough to prevent frightening the horses, this constituted negligence for which the defendant was liable.

For this error, the judgment is reversed and the cause remanded. All concur.